## CLARKSON v. DE PEYSTER.

Where it appears from the answer of a defendant, that he has in his hands a specific sum which he admits to be due to the complainant, and other matters in the suit are contested, the court will order the admitted debt to be paid to the complainant, without waiting for a final decree.

Where a sum is reported to be due from a defendant, and he acquiesces in the report, but the cause is delayed by other questions, the court will sometimes, order the reported sum to be paid into court.

1823.
8th Sept.

Payment to
complainant,
and payment
into court.

PETITION of the complainants, children and heirs of Charles Clarkson deceased. The defendant, it appeared, as the guardian of the complainants, had charged the estate in his accounts, annually rendered to the coguardian, since deceased, with the price of thirty six shares of the stock of the Manhattan company as purchased by way of investment, although the same had not in fact been purchased. It further appeared that he had sold out one hundred shares of the stock of the same company and seventy of the Merchants bank, which he also held as guardian, and that he had in his hands over and above the proceeds of the stock, a considerable sum of money belonging to the estate of the complainants. The petition further stated that a bill had been filed against him, that the cause was at issue, and the parties were preparing to take proofs, but that with respect to so much of the claims as related to the matters above mentioned, the justice of them was clearly admitted in the answer itself. Prayer that the defen-

dant might, without waiting till the cause should be brought 1823.
to a hearing, be ordered forthwith to replace and transfer the
stocks and pay to the complainants nine thousand four hundred
and forty four dollars and sixty three cents, of the moneys ad-
mitted to be due, reserving all other questions.

CLARKSON
v.
DE PEYSTER.

MR. ROOSEVELT for the petitioners contended, that when a
controversy arose between parties there was no good reason
why that portion of the claim, which was admitted to be clear,
should be suffered to be withheld, until a litigation, upon the
result of which it in no wise depended, and which might pos-
sibly continue for a great length of time, should ultimately
be brought to a close.  The introduction of the practice con-
tended for was warranted, he said, by the English authorities,
and would greatly tend to the advancement of justice.  He
cited 8 Vesey, 68 and 466.  5 Vesey 844.  1 Vesey & B. 50.
12 Vesey, 28.  13 Vesey, 92.  14 Vesey, 177.  6 Vesey, 250
and 738.  3 John. ch. 1.  2 Mad. ch. 206. 304. 383.  3
Bro. ch. 365.  1 Dessau, 302.

MR. W. SLOSSON for the defendant, insisted, that the motion
was novel and unprecedented, and that the complainants ought
to wait till the regular hearing of the cause, unless they would
accept the stock and money prayed for, and dismiss their bill.
A similar application had, he said, been made by the com-
plainants to the late chancellor and refused.

THE COURT.  The application is reasonable.  There can
be no use in delaying this part of the case, until the residue is
disposed of.  The administration of justice will be expedited
by this practice ; which is supported by the authorities cited
on the part of the petitioners.  Order accordingly.

The cause having afterwards been heard upon the pleadings
and proofs, an order of reference was made to take the ac-
counts.  The master reported a farther balance of twelve
thousand two hundred and eighty nine dollars and forty four
cents, upon which the complainants excepted to the report,
but the defendant acquiesced.  The complainants then moved
the court for an order that the last mentioned sum be paid
into court.  It was now accordingly ordered, that the last
mentioned sum be paid to the assistant register within forty
days, to the credit of the cause, and be invested in stocks.